STATE of Oklahoma ex rel., DEPARTMENT OF INSTITUTIONS, SOCIAL AND REHABILITATIVE SERVICES, Petitioner,

v.

John MALEY, Judge of the District Court of Okmulgee County, Respondent.

No. O-77-656.

Court of Criminal Appeals of Oklahoma.

Sept. 28, 1977.

As Corrected Oct. 7, 1977.

## ORDER GRANTING WRIT OF MANDAMUS

NOW on the 27th day of September, 1977, the above styled and numbered matter came on for hearing before this Court and petitioner was represented by Mr. E. Stephen Briggs, respondent made no appearance; but on September 20, 1977, the Honorable Respondent filed a response to the Rule to Show Cause entered herein, and on September 26, 1977, Mr. James D. Jordan of Okmulgee, Oklahoma, filed a response as attorney for Howard Carder, Jr., the real party in interest, as intervenor herein.

In the application and petition for issuance of the writ of mandamus, petitioner asserts that custody of a certain juvenile, Howard Carder, Jr., was placed in the Oklahoma State Department of Institutions, Social and Rehabilitative Services, hereinafter referred to as the "Department," by virtue of an order of the Okmulgee County District Court in that court's case number J–77–14; wherein the juvenile was found to be delinquent; and on August 23, 1977, the said juvenile was granted a three day special leave from Boley School for Boys to visit his parents with the understanding that the juvenile would be returned to the school by 4:00 p. m. on September 6, 1977; however, on September 6, contrary to an earlier order entered by this Court which recited that respondent herein is "without authority to proceed further in J–77–14," the respondent entered an ex parte order dismissing said juvenile case thereby attempting to terminate the Department's statutory authority over said juvenile; and in the response filed by the Honorable Respondent herein, it is asserted that such authority to dismiss said juvenile case is by virtue of the inherent authority of the District Court as provided in 10 O.S.1971, § 1102, which provides generally that the District Court maintains jurisdiction over a juvenile until he reaches the age of twenty-one (21) years; and the response filed by the intervenor recites generally that this Court is without authority to entertain original jurisdiction in juvenile delinquency matters insofar as such jurisdiction lies in the Oklahoma State Supreme Court.

NOW THEREFORE, after considering the application and petition filed herein with the attached memorandum brief, and the response filed by the Honorable Respondent herein and the response filed by the intervenor, this Court assumes jurisdiction herein and makes the following findings:

1. That on March 3, 1977, the respondent herein entered an order in case number J–77–14, wherein the said juvenile was found to be a juvenile delinquent and made disposition of said case by placing the said juvenile in the custody of the Department, as provided in 10 O.S.1971, § 1116; and,

2. On August 9, 1977, in P–77–531, this Court entered its writ of prohibition against respondent proceeding further in Okmulgee County District Court case number J–77–14, but notwithstanding the respondent entered an ex parte order on September 6, 1977, dismissing said juvenile case, after the said juvenile had been given special leave privileges from the Boley School for Boys; and,

Therefore, this Court further finds that the Honorable Respondent herein exceeded his authority in entering the said ex parte dismissal order insofar as the provisions of 10 O.S.1971, § 1116 carves out an exception to the authority otherwise provided the juvenile court in making disposition of juvenile delinquency matters, and in violation of this Court's order of August 9, 1977, in case number P–77–531, in that the Legislature specifically provided that any juvenile placed in the custody of the Department shall be for an indeterminate period of time; and thereafter in Section 1118, the statutes provide that the juvenile judge may modify any juvenile order entered, except that "an order committing a child adjudicated to be delinquent to the Department, may not be modified." This Court held in *State v. Jennings,* Okl.Cr., 561 P.2d 99 (1977), that the court exceeds its jurisdiction when it attempts to continue to hold hearings on juveniles placed in the custody of the Department.

IT IS THE FURTHER FINDING OF THIS COURT, that the order of dismissal entered by Respondent herein in case J–77–14, should be vacated and that the said juvenile should be returned to the custody of the Department to be returned to his parents at such time as the Department concludes his rehabilitation period has been satisfied.

IT IS THEREFORE THE ORDER OF THIS COURT, that the Respondent herein shall enter an order vacating his order of September 6, 1977, purporting to dismiss case number J–77–14, Respondent shall transmit a copy of said order to this Court;

and the Intervenor herein is directed to return to the custody of the Department.

Witness our signatures, and the Seal of this Court, this 28th day of September, 1977.

HEZ J. BUSSEY, P. J.
TOM BRETT, J.